# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

JENNIFER LYNN MAXWELL, )
)
Plaintiff, )
)
v. ) Case No. CIV-12-064-RAW
)
MICHAEL J. ASTRUE, )
Commissioner of Social )
Security Administration, )
)
Defendant. )

## REPORT AND RECOMMENDATION

Plaintiff Jennifer Lynn Maxwell (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally*, Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on October 18, 1990 and was 19 years old at the time of the ALJ's decision. Claimant obtained her GED. Claimant has no past relevant work. Claimant alleges an inability to work beginning October 18, 1990 due to limitations resulting from bipolar disorder with psychotic features, depression, anxiety,

3

panic, and mood disorder.

**Procedural History**

On September 19, 2008, Claimant protectively filed for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On December 16, 2009, an administrative hearing was held before ALJ Charles Headrick. On April 27, 2010, the ALJ issued an unfavorable decision on Claimant's application. The Appeals Council denied review of the ALJ's decision on December 16, 2011. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform a full range of medium work with some limitations.

**Error Alleged for Review**

Claimant asserts the ALJ committed error in failing to properly evaluate the medical opinion evidence in the case.

4

## Consideration of Medical Opinions

In his decision, the ALJ determined Claimant suffered from the severe impairment of bipolar disorder. (Tr. 15). He also found Claimant retained the RFC to perform medium work except that she was moderately limited in the ability to understand, remember, and carry out detailed instructions. (Tr. 16). After consultation with a vocational expert, the ALJ determined Claimant could perform the representative jobs of hand packager, laundry worker, laundry sorter, mail room clerk, clerical mailer, and trimmer, all of which were considered available in significant numbers in the regional and national economies. (Tr. 22-23).

Claimant contends the ALJ failed to consider the opinions of three physicians. On February 17, 2010, Dr. Denise LaGrand, a licensed clinical psychologist, performed a consultative mental health examination of Claimant. Dr. LaGrand recognized Claimant was under the care of Dr. David Shadid for the treatment of bipolar disorder, anxiety, and for medication management. (Tr. 430). Dr. LaGrand found Claimant to had organized, logical, and goal-directed thoughts. She had not indications of active psychotic thought processes. Claimant's typical mood was described as depressed and anxious. She reported no suicidal ideation. Claimant symptoms of depression were feelings of helplessness and hopelessness,

fluctuating moods, psychomotor agitation, low self-esteem, change in appetite, impairment in social relationships, sleep disturbance, low energy level, loss of interests in previously enjoyed activities, and depressed mood most days. (Tr. 431).

Claimant was tested at a low average or above estimated IQ. Dr. LaGrand diagnosed Claimant with schizoaffective disorder, bipolar type, generalized anxiety disorder with an estimated GAF of 45. (Tr. 432).

Dr. LaGrand also completed a Medical Source Statement of Ability to Do Work-Related Activities (Mental) on Claimant. She found Claimant to be moderately limited in the areas of interacting appropriately with the public, with supervisors, with co-workers, and in the ability to respond appropriately to usual work situations and to changes in a routine work setting. Dr. LaGrand also noted Claimant does not respond well to stress. (Tr. 436).

The ALJ cited extensively from Dr. LaGrand's opinions and analysis. (Tr. 20-21). He then states that "[a]s for opinion evidence, the record does not contain any opinions from treating or non-treating physicians indicating that the claimant is disabled or has limitations greater than those determined in this decision." (Tr. 21). Curiously, however, the ALJ failed to include any of the moderate limitations found by Dr. LaGrand in his RFC findings

6

despite the statement that no opinion provided such limitations. Clearly, the ALJ did not reject Dr. LaGrand's opinion; rather, he just appears to have ignored it. An ALJ "is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability." Haga v. Astrue, 482 F.3d 1205, 1208 (10th Cir. 2007). On remand, the ALJ shall fully consider Dr. LaGrand's opinion and its ramifications upon the RFC determination.

Claimant also states the ALJ failed to consider Dr. Shadid's opinion. On January 16, 2009, Dr. Shadid completed a Medical Source Statement of Ability to Do Work-Related Activities (Mental) on Claimant. He found moderate limitations in the areas of the ability to understand and remember detailed instructions, ability to carry out detailed instructions, ability to sustain an ordinary routine without special supervision, ability to accept instructions and respond appropriately to criticism from supervisors, and ability to maintain socially appropriate behavior and to adhere to basic standards of neatness and cleanliness.

He also found Claimant to be markedly limited in the areas of the ability to work in coordination with or proximity to others without being distracted by them, ability to appropriately interact with the general public, and ability to get along with co-workers

7

or peers without distracting them or exhibiting behavioral extremes. Severe limitations were found in the areas of the ability to perform activities with a schedule, maintain regular attendance, and be punctual within customary tolerances, and the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. (Tr. 255-56).

The ALJ rejected the marked and severe limitations by finding Dr. Shadid's opinion to be inconsistent to other records he authored on Claimant. (Tr. 20). He did not address the moderate limitations. He shall do so on remand. Further, this Court is not convinced that the ALJ properly addressed the factors found in the case of Watkins v. Barnhart, 350 F.3d 1297, 1300-01 (10th Cir. 2003) in rejecting the opinions of this treating physician. On remand, the ALJ shall consider and address all of the Watkins factors in evaluating Dr. Shadid's opinions.

The third physician's opinion addressed by Claimant's arguments is that of Dr. Cynthia Kampschaefer. Dr. Kampschaefer authored a Mental Residual Functional Capacity Assessment form on October 24, 2008. (Tr. 209-11). She determined Claimant was moderately limited in the areas of the ability to understand and

8

remember detailed instructions and the ability to carry out detailed instructions. (Tr. 209). She concluded that Claimant could perform simple tasks and some more complex tasks with routine supervision. Dr. Kampschaefer also stated Claimant could relate appropriately to supervisors and coworkers in an incidental manner and could relate appropriately to the general public in an incidental manner. (Tr. 211).

The ALJ gave Dr. Kampschaefer's opinions great weight, finding they were consistent with his RFC findings. (Tr. 21). Again, the ALJ included the moderate limitations in his findings but failed to include any of the narrative findings - engaging in the type of picking and choosing of evidence which is prohibited by Haga. On remand, the ALJ shall consider the entirety of Dr. Kampschaefer's opinions.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order. The parties are herewith given fourteen (14) days from the date of the service

of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 28th day of January, 2013.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE